IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONTINE BOA and FELICIA NANGUY, | CIVIL ACTION |
| Plaintiffs, | NO. _____ |
| v. | |
| | ARBITRATION-ELIGIBLE |
| NOVESA USA INC., WALE SOLA and SAMUEL ESSIEN, | |
| Defendants. | |

## COMPLAINT

Plaintiffs Leontine Boa and Felicia Nanguy (collectively "Plaintiffs") bring this lawsuit against Defendants Novesa USA Inc., Wale Sola, and Samuel Essien (collectively "Defendants"), seeking all available relief for Defendants' alleged violations of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., violations of the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq., and violations of the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§ 260.1, *et seq.*

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 28 U.S.C. § 1331.

2. Jurisdiction over the state law claims is proper under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiffs reside in Jeffersonville, PA (Montgomery County).

5. Defendant Novesa USA Inc. ("Novesa") is a corporate entity that conducts business in Pennsylvania.

6. Defendant Wale Sola ("Mr. Sola") is an individual who resides, upon information

and belief, in Pennsylvania.

7. Defendant Samuel Essien ("Mr. Essien") is an individual who resides, upon information and belief, in Philadelphia, Pennsylvania (Philadelphia County).

8. As discussed below, Defendants are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce. As such, Defendants are employers covered by the FLSA, PMWA, and PWPCL.

## FACTS

9. According to its website, since 2004 Defendant Novesa has "been crafting luxurious garments using time honored English shirtmaking techniques." See http://shop.novesa.com/contact-us/.

10. Defendants operate a "Novesa London" retail store in the King of Prussia Mall located at 690 West Dekalb Pike, King of Prussia, Pennsylvania ("King of Prussia Mall Novesa retail store").

11. Mr. Sola and Mr. Essien have operational control over the King of Prussia Mall Novesa retail store and makes decisions concerning its day-to-day operations.

12. Mr. Sola and Mr. Essien supervised Plaintiffs and were personally responsible for Defendants' failure to pay Plaintiffs their wages and overtime premium, as alleged herein.

13. Defendants employed Plaintiff Leontine Boa ("Ms. Boa") from approximately May 2017 until approximately September 2017 to work at the King of Prussia Mall Novesa retail store.

14. Defendants employed Plaintiff Felicia Nanguy ("Ms. Nanguy") from approximately April 2017 until approximately September 2017 to work at the King of Prussia

Mall Novesa retail store.

15. Upon hiring Plaintiffs, Defendants and Plaintiffs entered into verbal contracts in which Defendants agreed to pay Ms. Boa $12 per hour and to pay Ms. Nanguy $8.25 per hour.

16. Plaintiffs generally worked an average of approximately 73 hours per week.

17. Defendants failed to pay Plaintiffs the mandatory minimum wage of $7.25/hour, as required by the FLSA and PMWA.

    (a) For example, Defendants paid Ms. Boa $960 for the pay period of July 16, 2017 through July 29, 2017 even though she worked approximately 146 hours. As a result, Ms. Boa only received $6.58 [$960/146 hours] for each hour worked.

    (b) Likewise, for example, Defendants paid Ms. Nanguy $430.98 for the pay period of May 21, 2017 through June 3, 2017 even though she worked approximately 146 hours. As a result, Ms. Nanguy only received $2.95 [$430.98/146 hours] for each hour worked.

    (c) As another example, Plaintiffs both worked from August 27, 2017 until September 9, 2017, but Defendants did not pay them any compensation for their hours worked.

18. Moreover, Defendants failed to pay Plaintiffs any overtime premium compensation for hours worked over 40 per week.

    (a) For example, for the pay period from July 16, 2017 until July 29, 2017, Ms. Boa worked approximately 146 hours. However, Defendants only paid her $960 [80 hours x $12.00] representing 80 hours of work for that period.

    (b) Likewise, for example, for the pay period from May 21, 2017 until June 3, 2017, Ms. Nanguy worked approximately 146 hours. However, Defendants only paid her for $430.98 [52.24 hours x $8.25] representing 52.24 hours of work for that period.

19. Defendants' failure to pay Plaintiffs the mandatory minimum wage for their hours worked and Defendants' failure to pay Plaintiffs any compensation, including overtime premium compensation, for hours worked over 40 per week constitutes willful violations of the FLSA and the PWPCL.

## COUNT I
### (Alleging Violations of the FLSA)

20. All previous paragraphs are incorporated as though fully set forth herein.

21. The FLSA entitles employees to minimum hourly compensation of $7.25. See 29 U.S.C. § 206(b).

22. The FLSA entitles Plaintiffs to overtime premium pay of "not less than one and one-half times" their regular pay rate for every hour worked over 40 per week. See 29 U.S.C. § 207(a)(1).

23. Defendants violated the FLSA by failing to pay Plaintiffs the mandatory minimum wage for all hours worked.

24. Defendants violated the FLSA by failing to pay Plaintiffs any compensation, including overtime premium compensation, for hours worked over 40 per week.

25. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Alleging Violations of the PMWA)

26. All previous paragraphs are incorporated as though fully set forth herein.

27. The PMWA entitles employees to compensation equal to the minimum hourly compensation of $7.25. See 43 P. S. § 333.104(a); 34 Pa. Code § 231.1.

28. The PMWA entitles Plaintiffs to overtime premium pay of "not less than one and one-half times" their regular pay rate for every hour worked over 40 per week. See 43 P.S. § 333.104(c).

29. Defendants violated the PMWA by failing to pay Plaintiffs the mandatory minimum wage for all hours worked.

30. Defendants violated the PMWA by failing to pay Plaintiffs any compensation, including overtime premium compensation, for hours worked over 40 per week.

## COUNT III
### (Alleging Violations of the PWPCL)

31. All previous paragraphs are incorporated as though fully set forth herein.

32. The PWPCL "provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003) (internal quotations omitted).

33. Defendants breached their contractual obligation to pay Plaintiffs their promised wages for all hours worked. As a result, Defendants have violated the PWPCL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek:

A. Unpaid wages (including minimum wage payments and overtime premium compensation) to the fullest extend permitted under the FLSA, PMWA, and PWPCL;

B. Liquidated damages to the fullest extent permitted under the FLSA and the PWPCL;

C. Prejudgment interest to the fullest extent permitted under all claims;

D. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the FLSA, the PMWA, and the PWPCL; and

E. Such other and further relief as this Court deems just and proper.

Date: December 1, 2017

Respectfully,

*/s/ Mark J. Gottesfeld*
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025

Phone:  (215) 884-2491
mgottesfeld@winebrakelaw.com